# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JULIUS R. ROTH,**

        **Plaintiff,**

**-vs-**                                                                Case No. 6:08-cv-296-Orl-DAB

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **UNOPPOSED MOTION FOR ATTORNEY'S FEES (Doc. No. 23)**
>
> **FILED:**      **March 20, 2009**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff petitions for an award of fees following the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not oppose the motion.

Plaintiff's Motion seeks an award of attorney's fees in the amount of $3,795.00. Two timekeepers billed on this file, as follows:

| Name | Time | Rate | Total |
|---|---|---|---|
| Richard A. Culbertson | 5.5 hours | $165 per hour | $ 907.50 |
| Thomas Rice | 17.5 hours | $165 per hour | $2,887.50 |
| | | **Total** | $3,795.00 |

The papers reflect that the rates were calculated at the statutory rate, adjusted for the cost of living increase. *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorneys fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate). Upon review and no objection having been filed by the Commissioner, the Court finds that these sums are reasonable and an award is appropriate under the EAJA.

The motion is **granted,** and the Clerk is directed to enter judgment in the amount of $3,795.00.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record